UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-111

| LAKEISHA JOHNSON, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| PMAB, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** comes before the Court subsequent to a final Pretrial Conference, and treating Defendant PMAB, LLC's ("Defendant") objection to Plaintiff Lakeisha Johnson ("Plaintiff") presenting evidence that Defendant violated Section 1692c(c) of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S. C. § 1692 et seq., (Doc. Nos. 21; 23), and the parties' competing Proposed Issues for Trial, (Doc. Nos. 18; 22).

**I.    15 U.S.C. § 1692c(c)**

Plaintiff claims that Defendant violated three provisions of the FDCPA: 1692c(c), 1692d, and 1692d(5). (Doc. No. 21). Defendant challenges Plaintiff's standing to assert a violation of Section 1692c(c). (Doc. Nos. 21; 23). The Court will treat Defendant's challenge as a Motion in Limine and will bar Plaintiff from presenting evidence of such a violation.

Under 15 U.S.C. § 1692c(c), "[i]f a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt." Section 1692a(3) defines "consumer" to mean "any natural person obligated or allegedly obligated to pay any debt." Section 1692c(d) expands the term "consumer" for purposes of section 1692c to include "the consumer's spouse, parent (if the

consumer is a minor), guardian, executor, or administrator." Plaintiff is not a consumer because Defendant never alleged that she was obligated to pay the debt. Instead, Plaintiff alleges that Defendant violated the FDCPA when it called her phone to attempt to collect Tamicka Hickman's debt. Plaintiff also falls outside the expanded group of Ms. Hickman's spouse, parent, or guardian.

Courts outside the Fourth Circuit have held that 15 U.S.C. § 1692c only applies to consumers. Montgomery v. Huntington Bank, 346 F.3d 693, 696-97 (6th Cir. 2003); Johnson v. Ocwen Loan Servicing, 374 F. App'x 868, 874 (11th Cir. 2010); Frazer v. IPM Corp. of Brevard, Inc., 767 F. Supp. 2d 1369 (N.D. Ga. 2011); Deuel v. Santander Consumer USA, Inc., 700 F. Supp. 2d 1306, 1311 (S.D. Fla. 2010).

The Fourth Circuit addressed more general standing to sue under the FDCPA in Rawlinson v. Law Office of William M. Rudow, LLC, No. 10-2148, 2012 WL 19666 (4th Cir. Jan. 5, 2012). The district court had thrown out a suit relying on several portions of the FDCPA based on a finding that the plaintiff was not a proper party under the FDCPA. Id. at *2. The circuit noted that the statute's enforcement provision, section 1692k, empowers "any person" to maintain a civil action against a debt collector. Id. at *3. The Fourth Circuit then found that "[c]onsequently, absent a limitation in the substantive provisions of the FDCPA, any aggrieved party, not just a debtor, may bring an action under the statute." Id. (citing favorably Wright v. Fin. Serv. of Norwalk, Inc., 22 F.3d 647, 649-50 (6th Cir. 1994)). The Rawlinson court found further that "at least three of the FDCPA provisions relied on by Rawlinson contain *no* limitation as to who may invoke them." Id. at *4 (citing §§ 1692d, 1692e, and 1692f). The Fourth Circuit then held that "the district court erred in holding that non-debtors, or those with no financial interest in the collateral at issue, may not bring suit under the FDCPA." Id. Defendant concedes

2

that Plaintiff may bring her action under Sections 1692d, and 1692d(5), but challenges her standing to pursue a violation of Section 1692c(c). (Doc. No. 23).

While the Fourth Circuit did not reach the issue of whether a non-consumer could maintain an action under Section 1692c(c), its opinion in Rawlinson suggests that it would agree with those courts that have held that a non-consumer may not. Twice, the circuit emphasized that a limitation in the substantive provisions of the FDCPA could change the more general rule that any person may maintain an action. Id. at *3-4. Section 1692c(c)'s express language provides such a limitation when it limits its remedy to a "consumer" and then expands that definition to fit a finite group of individuals connected to the consumer. 15 U.S.C. § 1692c(c) & (d). The panel also referenced a Sixth Circuit case for support of its holding. Id. at *3 (citing favorably Wright, 22 F.3d at 649-50). Thus, the Fourth Circuit would also likely follow the Sixth Circuit's holding that non-consumers may not invoke Section 1692c(c). See Montgomery v. Huntington Bank, 346 F.3d 693, 696-97 (6th Cir. 2003).

Plaintiff directs the Court to Dunham v. Portfolio Recovery Assocs., LLC, 663 F.3d 997 (8th Cir. 2011) to show that non-consumers may maintain an action under Section 1692c(c). (Doc. No. 24 at 1). But in Durham, the Eighth Circuit found that the plaintiff was a consumer. 663 F.3d at 1002. The defendant attempted to collect a debt owed by James Dunham from another individual with that same. Thus, the court held that the plaintiff–the wrong James Dunham–was a consumer because he was one who allegedly owed a debt. Id. Plaintiff also directed the Court's attention to Meadows v. Franklin Collection Serv., Inc., 414 F. App'x 230 (11th Cir. 2011). (Doc. No. 24 at 1). However, this case does not deal with standing or Section 1692c.

Non-consumers lack standing to bring suit against a debt collector under 15 U.S.C. §

3

1692c(c). Therefore, the Court **GRANTS** Defendant's Motion in Limine to preclude Plaintiff from presenting evidence that Defendant violated Section 1692c(c) of the FDCPA. (Doc. Nos. 21; 23).

## II. PROPOSED TRIAL ISSUES

Both parties ask the Court to submit the issue of whether Defendant violated the FDCPA to the jury in greater detail than needed. The Court shall ask the jury:

1. Did the Defendant violate the FDCPA?
2. If so, was the Defendant's violation(s) of the FDCPA the result of a good faith error?

The Court will instruct the jury that in order for it to be a good faith error, the error must have been (1) unintentional and (2) the result of a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error?

**IT IS, THEREFORE, ORDERED** that:

1. Defendant's Motion in Limine, (Doc. Nos. 21; 23), is **GRANTED**;
2. Plaintiff shall not present evidence that Defendant violated 15 U.S.C. § 1692c(c); and
2. The Court shall submit the issues in this case to the jury as described above.

Signed: April 20, 2012

Robert J. Conrad, Jr.
Chief United States District Judge